UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUSTIN ANDREW THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>Defendant. | No.  CV-14-00028-JTR<br><br>REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION  FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-Motions for Summary Judgment.  ECF Nos. 13, 14.  Attorney Lora Lee Stover represents Plaintiff, and Special Assistant United States Attorney Jeffrey E. Staples represents the Commissioner of Social Security (Defendant).  The parties have not consented to proceed before a magistrate judge.  Accordingly, **IT IS RECOMMENDED** Defendant's Motion for Summary Judgment be **GRANTED**, and Plaintiff's Motion for Summary Judgment be **DENIED**.

**JURISDICTION**

On September 2, 2010, Plaintiff filed both a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income. Tr. 26; 194.  In both applications, Plaintiff alleged disability beginning November 30, 2008.  Tr. 26; 53.  Plaintiff reported that he was unable to work due to degenerative disc disease, muscle spasms and chronic pain.  Tr. 197.  The claims were denied initially and on reconsideration, and Plaintiff

requested an administrative hearing. Tr. 26; 135-82.

On March 8, 2012, Administrative Law Judge Moira Ausems presided over a hearing at which vocational expert Trevor Duncan and Plaintiff, who was represented by counsel, testified. Tr. 51-96. On April 20, 2012, the ALJ issued a decision finding Plaintiff not disabled. Tr. 26-39. The Appeals Council declined review. Tr. 1-4. The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties and, thus, they are only briefly summarized here. At the time of the hearing, Plaintiff was living with his girlfriend and her two children who were twelve and thirteen years old. Tr. 65-66. Plaintiff testified that his girlfriend does all the shopping, cooking and cleaning, along with help from her kids. Tr. 66; 74. Plaintiff also testified that he sometimes accompanies his girlfriend shopping, but he has to leave the store after 20 minutes due to back pain. Tr. 75.

Plaintiff's past work includes construction worker, material handler, grounds keeper and punch press operator. Tr. 84. Plaintiff estimated that he had been fired from "more than half" his jobs because he has had difficulties getting along with coworkers and supervisors. Tr. 75.

Plaintiff testified that he is unable to work due to pain in his upper back and neck. Tr. 57. He explained that it is hard for him to hold his head up, he has shooting pains in his right arm, and he has headaches every day. Tr. 58-60.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable construction of the applicable statutes. *McNatt v. Apfel*,

201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); see *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. *Batson v. Commissioner of*

*Social Sec. Admin.*, 359 F.3d 1190, 1193-94 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(I-v), 416.920(a)(4)(I-v).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since November 30, 2008, his application date. Tr. 28. At step two, the ALJ found Plaintiff suffered from the severe impairments of degenerative disc disease of the cervical spine with cervicalgia; right shoulder AC joint degenerative joint disease, mild, with tendinosis and bursitis; lumbar strain; depressive disorder not otherwise specified; and antisocial personality disorder. Tr. 28. At step three, the ALJ found Plaintiff's impairments, alone or in combination, do not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926). Tr. 33. The ALJ found Plaintiff has the residual functional capacity to perform light work, with some exertional and non-exertional limitations:

> [N]o more than occasional postural activities with the exception of no climbing of ladders, ropes or scaffolds and no crawling. He can perform no more than occasional overhead reaching with the left upper extremity and no overhead reaching with the right upper extremity. He should avoid even moderate exposure to vibration and hazards, including commercial driving. He is capable of simple, repetitive tasks and no more than superficial contact with coworkers and the general public.

Tr. 34. At step four, the ALJ found that Plaintiff is unable to perform past relevant work. Tr. 37. The ALJ determined that considering Plaintiff's age, education, work experience and residual functional capacity, jobs exist in significant numbers that Plaintiff can perform, such as parking lot attendant, small products assembler, and office cleaner. Tr. 38. As a result, the ALJ concluded that Plaintiff has not

been disabled within the meaning of the Social Security Act at any time from the date the application was filed through the date of the decision. Tr. 39.

## ISSUES

Plaintiff contends that the ALJ erred by (1) finding Plaintiff was not credible; (2) improperly weighing the medical evidence; (3) relying upon an incomplete hypothetical posed to the vocational expert.[1]  ECF No. 13 at 9.

**A.   Credibility**

Plaintiff contends that the ALJ erred by finding he had little credibility because Plaintiff's medical providers did not question his veracity and because objective evidence exists in the record to corroborate Plaintiff's symptoms.  ECF No. 13 at 13.

In deciding whether to admit a claimant's subjective symptom testimony, the ALJ must engage in a two-step analysis.  *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).  Under the first step, the claimant must produce objective medical evidence of underlying "impairment," and must show that the impairment, or a combination of impairments, that could reasonably be expected to produce pain or other symptoms.  *Smolen,* 80 F.3d at 1281-82; *see Cotton v. Bowen,* 799 F.2d 1403, 1405 (9th Cir. 1986).  If the first step is satisfied and if no evidence exists of malingering, then the ALJ, under the second step, may reject the claimant's testimony about severity of symptoms with "specific findings stating clear and convincing reasons for doing so." *Smolen,* 80 F.3d at 1284.  "[Q]uestions of credibility and resolutions of conflicts in the testimony are functions solely of the Secretary." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (*quoting Waters v. Gardner,* 452 F.2d 855 n.7 (9th Cir. 1971).  However, if malingering is established, the adjudicator is not bound by the "clear and convincing" standard.

---

[1] Plaintiff's issue statement includes five issues.  For clarity and organization, the court consolidated Plaintiff's listed issues into three issues.

REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

*See, e.g., Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

In determining a claimant's credibility, an ALJ may consider, among other factors, inconsistencies between the claimant's testimony and the claimant's daily activities, conduct and/or work record. *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). "If the ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart,* 278 F.3d 947, 959 (9th Cir. 2002).

In this case, the ALJ found that Plaintiff had little credibility. The ALJ provided an extensive discussion of the reasons supporting the negative credibility conclusion. Tr. 36. For example, the ALJ listed several specific instances of Plaintiff's inconsistent assertions to his medical providers, instances revealing Plaintiff's repeated drug-seeking behavior, chart notes indicating Plaintiff appeared to exaggerate symptoms, specific references to records that reveal a lack of objective evidence to support his claims, and citation to specific references that reveal Plaintiff's daily activities contradict his allegations of disability. Tr. 36.

Plaintiff argues that the ALJ's credibility determination lacked "convincing evidence," and "none of Plaintiff's providers have questioned his veracity." ECF No. 13 at 13. As Defendant noted, Plaintiff fails to challenge any of the ALJ's reasons underlying the credibility determination. ECF No. 14 at 3. The court ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). Moreover, the Ninth Circuit has repeatedly admonished that the court will not "manufacture arguments for an appellant" and therefore will not consider claims that were not actually argued in appellant's opening brief. *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994).

Plaintiff's briefing of this issue is inadequate. However, even if Plaintiff's briefing was sufficient, the claim fails. The evidence supporting the ALJ's

analysis contradicts Plaintiff's allegations. The ALJ's reasons for finding diminished credibility are based upon proper factors and are clear and convincing, and supported by the record. *See, Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001)(ALJ properly considered inconsistent statements and evidence of exaggeration to medical providers in finding claimant had little credibility); *see also Thomas,* 278 F.3d at 959 (inconsistent reports of drug use erodes credibility); *Morgan*, 169 F.3d at 600 (conflicts between a Plaintiff's testimony of subjective complaints and the objective medical evidence can undermine credibility); *Light,* 119 F.3d at 792 (ALJ properly considers inconsistencies between the claimant's testimony and the claimant's daily activities, conduct and/or work record); see Tr. 290; 292; 331; 355; 382; 430; 433; 451; 476-83; 493; 505-07; 586.

Where, as here, the ALJ's credibility findings are specific, "clear and convincing," and supported by substantial evidence, they are conclusive and will not be disturbed. *Sprague*, 812 F.2d at 1229-1230. The ALJ did not err in finding Plaintiff lacked credibility.

**B.    Medical Evidence**

Plaintiff contends that the ALJ erred in weighing the medical evidence. ECF No. 13 at 11-13.

In weighing medical source opinions in Social Security cases, the Ninth Circuit distinguishes among three types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

Generally, more weight should be given to the opinion of a treating physician than to the opinions of non-treating physicians. *Id.* Similarly, an examining physician's opinion is generally entitled to more weight than a non-examining physician's opinion. *Id.* When a conflict exists between the opinions of a treating physician and an examining physician, the ALJ may disregard the

opinion of the treating physician only if he sets forth "specific and legitimate reasons supported by substantial evidence in the record for doing so." *Id.*

### 1. Handling Restrictions

First, Plaintiff contends that the ALJ erred by failing to include in the RFC the handling limitations assessed by orthopedist William M. Shanks, M.D. ECF No. 13 at 11-12.

Dr. Shanks examined Plaintiff on May 27, 2010, and he completed a narrative report as well as a DSHS Physical Functional Evaluation Form. Tr. 286-91. Dr. Shanks reviewed an MRI and x-rays of Plaintiff's thoracic spine and right shoulder. Tr. 290-91. He diagnosed Plaintiff with tendonitis of the rotator cuff and degenerative changes of the right shoulder AC joint, with possible impingement syndrome, along with possible nerve root irritation in the cervical area. Tr. 291. On the DSHS form, Dr. Shanks indicated that Plaintiff had restricted mobility, agility or flexibility in handling, pulling, pushing, reaching. Tr. 287. Dr. Shanks concluded that Plaintiff's overall work level as "light or sedentary." Tr. 287

The ALJ noted that Dr. Shanks opined that Plaintiff was capable of light or sedentary work, but the ALJ gave more weight to the opinion that Plaintiff could perform light work with no handling restrictions from non-examining consultative physicians Alfred Scottolini, M.D., and Howard Platter, M.D. Tr. 37; 98-111; 115-34. Plaintiff's RFC included the limitation that he could perform "no more than occasional overhead reaching with the upper extremity and no overhead reaching with the right upper extremity." Tr. 34.

Plaintiff argues that the ALJ erred by not specifically adopting Dr. Shanks' opinion that Plaintiff had "limitations in performing reaching, push/pull movements and handling." ECF No. 13 at 11-12. In disability benefits cases, physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability - the claimant's ability to perform work. *Reddick v.*

*Chater*, 157 F.3d 715, 725 (9th Cir. Cal. 1998).  An ALJ is not required to give controlling weight to an opinion that is effectively a vocational rather than a medical opinion, because the determination of disability is reserved for the ALJ. *See Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989) (treating physician's opinion is not necessarily conclusive as to the ultimate issue of disability).  An ALJ's findings need only be consistent with a doctor's assessed limitations, not identical to the limitations.  *Turner v. Comm'r of Soc. Sec.,* 613 F.3d 1217, 1223 (9th Cir. 2010).

In this case, Dr. Shanks completed a form that indicated he believed Plaintiff was capable of sedentary or light work, but the form was ambiguous about the doctor's opinion regarding the extent of Plaintiff's handling limitations. The check-the-box form directed: "check any of the following areas that has restricted mobility, agility, or flexibility."  Tr. 287.  At issue is checked box entitled "handling."[2]  Tr. 287.  Dr. Shanks provided no additional information about the extent of the handling restrictions, or how often or seldom Plaintiff was capable of handling during a workday.  By contrast, neither Dr. Scottolini nor Dr. Platter found that Plaintiff had handling limitations.  Tr. 102-03; 109-110; 121-22; 131-33.

While the contrary opinion of a non-examining medical expert does not alone constitute a specific, legitimate reason for rejecting a treating or examining physician's opinion, a non-examining physician's opinion may constitute

---

[2]Dr. Shanks also checked the boxes indicating bending, climbing, crouching, pulling, pushing, reaching and stooping.  Tr. 287.  Plaintiff's RFC incorporated most of these limitations by restricting Plaintiff to more than occasional postural activities; no climbing ladders, ropes or scaffolds and no crawling; no more than occasional overhead reaching with the left arm and no overhead reaching with the right. Tr. 34.

REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

substantial evidence when consistent with other independent evidence in the record. *Magallanes*, 881 F.2d at 752.

In this case, the ALJ was free to reject the ambiguous limitation assessed by Dr. Shanks in favor of the opinions from Drs. Scottolini and Platter, upon providing specific and legitimate reasons supported by substantial evidence. As the ALJ found, the opinions from Drs. Scottolini and Platter provided thorough medical summaries, cited several medical sources and they both noted Plaintiff's exaggerated pain behavior and drug-seeking behavior with multiple providers. Tr. 37; 99-101; 106-08; 116-18; 126-30. The reasons provided by the ALJ are specific, legitimate, and supported by substantial evidence and, thus, the ALJ did not err in finding Plaintiff did not have handling restrictions.

Plaintiff also argues that the ALJ's reliance upon Drs. Scottolini and Platter is error because those opinions were provided "without the benefit of significant evidence of record."[3] ECF No. 13 at 12. Similarly, Plaintiff contends that the ALJ erred by failing to incorporate non-exertional limitations assessed by Nathan Henry, Psy.D.[4] ECF No. 13 at 12. However, for both contentions Plaintiff fails to

---

[3]Plaintiff provides only two supporting statements for his argument:

> Plaintiff contends that the ALJ's reliance on the opinions of non-examining state agency physicians is misplaced because the state agency review was completed without the benefit of significant evidence of record. (See Tr. 37). The Court will note that these opinions were issued in December 2010 and March 2011.

ECF No. 13 at 12.

[4]Plaintiff's entire argument for this issue consists of a single sentence: "Plaintiff also finds fault with the ALJ's failure to incorporate restrictions as given by Dr. Henry in terms of Plaintiff's mental impairments and the ability to deal with supervisors and respond appropriately to change in the work setting." ECF No. 13 at 12.

identify the significant records, fails to provide citation to the record and explanations related to the assertion and the alleged error, and fails to provide meaningful argument to support his stated issues. In short, Plaintiff fails to provide necessary analysis to support the bare assertions and, thus, the court will not address these contentions. *See Carmickle*, 533 F.3d at 1161 n.2; *Greenwood*, 28 F.3d at 977.

### 2.    Sedentary restriction

Plaintiff contends that the ALJ erred by failing to limit Plaintiff to the sedentary exertional level. ECF No. 13 at 12. In support of his argument, Plaintiff cites a February 13, 2012, DSHS assessment completed by CHAS Clinic provider, Rogello Cantu, PA-C. ECF No. 13 at 12; Tr. 591-93. For reasons not fully explained, Mr. Cantu's evaluation was submitted as an exhibit to the Appeals Council and thus, was not considered by the ALJ. Tr. 5.

On February 13, 2012, Mr. Cantu completed a DSHS functional assessment on a check-the-box form. Tr. 591-92. In the form, Mr. Cantu indicated that Plaintiff's condition is stable, his limitations are expected to last 12 months, he can stand for one-to-two hours, sit for two-to-four hours in an eight-hour day, and he can lift five pounds occasionally and two pounds frequently. Tr. 591. Mr. Cantu also added that Plaintiff should be able to participate in sedentary pre-employment activities. Tr. 592.

"[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012). As a result, this Court must consider the record as whole, including evidence never before the ALJ and determine whether that evidence substantially supports the ALJ's decision. *See Id.* In other words, this Court determines if Mr. Cantu's February 2012 assessment deprives the ALJ's

decision of substantial support.

Mr. Cantu's opinion that Plaintiff is limited to sedentary work does not undermine the ALJ's determination because it is contradicted by substantial evidence in the record. For example, on May 27, 2010, William Shanks, M.D., examined Plaintiff and reviewed X-rays and an MRI of Plaintiff's shoulder. Tr. 291. He agreed with the MRI report interpretation from Gregory Stern, M.D., who found mild tendonitis of the rotator cuff, and degenerative changes of the AC joint in the right shoulder, with an element of clinical impingement syndrome in the shoulder, and possible nerve root irritation in the cervical area. Tr. 291-92. Dr. Shanks recommended Plaintiff seek treatment at a spine clinic for his back issue, and use conservative treatment, such as anti-inflammatories along with exercises, for his shoulder pain. Tr. 291. Dr. Shanks concluded that Plaintiff's work level was "light or sedentary." Tr. 287.

On November 30, 2010, consulting physician Alfred Scottolini, M.D., reviewed Plaintiff's medical records and found that he could occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, and stand and/or walk or sit for about six hours in an eight-hour workday. Tr. 102.

On February 17, 2011, consulting physician Howard Platter, M.D., reviewed Plaintiff's medical records to that date and affirmed Dr. Scottolini's assessment that Plaintiff could perform light work, but added that Plaintiff had additional limitations in left and right overhead reaching. Tr. 121-23.

In evaluating the weight to be given to the opinion of medical providers, Social Security regulations distinguish between "acceptable medical sources" and "other sources." Acceptable medical sources include, for example, licensed physicians and psychologists, while other non-specified medical providers, such as physician's assistants, are considered "other sources." 20 C.F.R. §§ 404.1513(a) and (d), 416.913(a) and (d), and SSR 06-03p. While an adjudicator must consider all relevant evidence in a claimant's case record, less weight may be assigned to

the opinions of other sources than acceptable medical sources. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996); SSR 06-03p. Additionally, the opinions of a specialist about medical issues related to his or her area of specialization are given more weight than the opinions of a nonspecialist. *Smolen*, 80 F.3d at 1285, citing 20 C.F.R. § 404.1527(c)(5).

In this case, the opinion of Dr. Shanks, a specialist in orthopedics, provided weighty support to the ALJ's determination that Plaintiff was capable of performing light work. Dr. Shanks' opinion that Plaintiff could perform light work was supported by subsequent opinion from reviewing physicians Scottolini and Platter. In light of the substantial evidence that supported the ALJ's determination that Plaintiff could perform light work, Mr. Cantu's check-the-box form considered by the Appeals Council does not undermine the ALJ's decision that Plaintiff was capable of light work.

**C.     Hypothetical and Vocational Expert Testimony**

Plaintiff argues that the hypothetical posed to the VE did not fully represent Plaintiff's limitation that he can only occasionally finger and handle objects. ECF No. 13 at 14-15.

The hypothetical that ultimately served as the basis for the ALJ's determination, i.e., the hypothetical that is predicated on the ALJ's final RFC assessment, must account for all of the limitations and restrictions of the particular claimant. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). "If an ALJ's hypothetical does not reflect all of the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy." *Id.* However, the ALJ "is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence." *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006). A claimant fails to establish that a Step 5 determination is flawed by simply restating argument that the ALJ improperly discounted certain evidence, when the

record demonstrates the evidence was properly rejected. *Stubbs-Danielson*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

In this case, Plaintiff simply reiterates his argument that the ALJ failed to incorporate the ambiguous handling restrictions assessed by Dr. Shanks in the check-the-box form. Tr. 287. Because the ALJ did not err by failing to include handling restrictions, as analyzed above, the Plaintiff's argument that the hypothetical was incomplete is unavailing.

## CONCLUSIONS AND RECOMMENDATIONS

The Court has reviewed the record and considered the briefing by the parties. For the reasons stated above, **IT IS RECOMMENDED** that Defendant's Motion for Summary Judgment, **ECF No. 14**, be **GRANTED** and Plaintiff's Motion for Summary Judgment, **ECF No. 13**, be **DENIED**.

## OBJECTIONS

Any party may object to a magistrate judge's proposed findings, recommendations, or report within **fourteen (14) days** following service with a copy thereof. Such party shall file written objections with the Clerk of the Court and serve objections on all parties, specifically identifying the portions to which objection is being made, and the basis therefor. Any response to the objection shall be filed within fourteen (14) days after receipt of the objection. Attention is directed to FED. R. CIV. P. 6(d), which adds additional time after certain kinds of service.

A district judge will make a *de novo* determination of those portions to which objection is made and may accept, reject, or modify the magistrate judge's determination. The judge need not conduct a new hearing or hear arguments and may consider the magistrate judge's record and make an independent determination thereon. The judge may, but is not required to, accept or consider additional evidence, or may recommit the matter to the magistrate judge with instructions. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000); 28 U.S.C.

REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14

§ 636(b)(1)(B) and (C), Fed. R. Civ. P. 72; LMR 4, Local Rules for the Eastern District of Washington.

A magistrate judge's recommendation cannot be appealed to a court of appeals; only the district judge's order or judgment can be appealed.

The District Court Executive is directed to enter this report and forward copies to the parties and the referring judge.

DATED October 2, 2014.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE